RAWLS, Acting Chief Judge.
This interlocutory appeal presents the following question: Is a boxcar a vehicle as used in an exclusionary provision in an insurance policy? Finding that the use of the word “vehicle” in the exclusionary provision created an ambiguity, the trial court held that a railroad boxcar was not a vehicle. We disagree.
Continental Consolidating Corporation (Continental) loaded a cargo of furniture packed in cardboard cartons in a boxcar owned by one of the defendant railroads to be delivered to the J. C. Penney Warehouse in Jacksonville, Florida. When the door to the subject boxcar was opened in Jacksonville by plaintiff William T. Elliott (an employee of J. C. Penney), he alleged an unsecured carton of furniture fell on him. Suit was brought by Elliott, alleging negligence against Continental and joining its insurer, Central Mutual Insurance Company (Central Mutual) as a party defendant. Central Mutual denied coverage by reason of an exclusionary clause in its policy of insurance. Continental cross-claimed contending it did have coverage under the policy and that Central Mutual was obligated to defend. Continental’s motion for summary judgment on its cross-claim against Central Mutual was granted by the trial court, finding that coverage existed because the policy was ambiguous.
The facing page of the subject policy reflects under Item 3 some 24 types of coverage available. Item 3 specifically states at the outset: “The insurance afforded is only with respect to the following Coverage Part(s) indicated by specific premium charge(s).” Only a premium for “Owners’, Landlords’ and Tenants’ Liability Insurance” was charged. Of importance is the fact that no premium was charged for *813 “Completed Operations and Products Liability Insurance”.
“Coverage” by the terms of the policy provided bodily injury liability caused by an occurrence arising out of the ownership, maintenance or use of the insured premises. Of importance is the subject exclusionary clause which specifically provides:
“This insurance does not apply: . . . (p) to bodily injury or property damage included within the completed operations hazard or the products hazard. . . . ”
The “completed operations hazard” for which a premium was not paid provided coverage in connection with transportation of property in or on a vehicle created by the loading or unloading thereof. So, if the subject boxcar is a vehicle, it clearly follows that any coverage as to the loading of same fell within the completed operations hazard which was not covered by the subject policy-
In its partial summary final judgment, the trial court, in finding an ambiguity as to the meaning of the word “vehicle”, referred to Webster’s New International Dictionary, Second Edition, page 2824, which defines “vehicle” as:
“. .1. that in or on which a person or thing is or may be carried from one place to another, especially along the ground, also through the air; any moving support or container fitted or used for the conveyance of bulky objects; a means of conveyance.”
Yet, after reciting the above definition, the trial court found that a vehicle was not here involved. As used in the instant policy, we find no ambiguity. The completed operations hazard, which was not purchased by Continental, covered its liability exposure in the loading or unloading of vehicles. Cartons of furniture do not move from North Carolina to Jacksonville, Florida, by levitation. Excursions into illusionary semantic definitions of words should not be a mission of courts to provide insurance coverage in the name of ambiguity. Viewed in the context of the terms of the subject policy, we hold that a boxcar[1] is a vehicle. In short, no premium; no coverage.
REVERSED.
McCORD and SMITH, JJ., concur.

. 74 C.J.S. Railroads § 1 at pp. 318, 319, states:
“ ‘Car,’ as used in railroad terminology, is the word generally employed to designate the vehicles used on railroads. So the word has been defined or employed as meaning a vehicle running on rails ....
“While the word ‘car’ is the general term employed for the designation of vehicles used on railroads, a qualifying term is usually added to indicate the particular use or style, such as . . . box car . . .”